## PEELLE CO. v. SECURITY FIRE DOOR CO.
### No. 9314.

Circuit Court of Appeals, Eighth Circuit.
April 14, 1932.

Thomas J. Johnston, of New York City (J. Granville Meyers, of New York City, on the brief), for appellant.

Joseph J. Gravely, of St. Louis, Mo. (James A. Carr and T. Percy Carr, both of St. Louis, Mo., on the brief), for appellee.

Before STONE and BOOTH, Circuit Judges, and WYMAN, District Judge.

STONE, Circuit Judge.

This is an action for alleged infringement of claims 1, 2, 3, 4, 7, 8, and 9 of patent No. 1,414,387, to Benjamin Wexler. The defenses are invalidity of the patent and noninfringement. From a decree adjudging the claims involved invalid, plaintiff takes this appeal.

This patent is for a dumb-waiter door structure. The structure embodies a rigid metal frame at the door opening having guides or tracks wherein vertically travel two counterbalanced half doors. The entire construction, including the doors, is made and shipped as a unit. The main object of the invention is stated to be a construction capable of installation as a unit and, at the same time, insuring a fixed permanent relation of parts which will insure free easy movement of the doors after installation.

The court found that the claims involved were invalid because anticipated by various patents and by several catalogued disclosures cited in the memorandum opinion.

We have carefully examined each of the numerous urged citations against the patent. Some of these citations show only a part or only some of the principles involved in these claims, but several of them rather clearly set out the entire idea. It is unnecessary to discuss these in detail, since one of them, Dugdale No. 1,133,794, is sufficient to avoid this patent. However, we may observe that the elements are old. The angle side members are found in numerous patents such as Cross, No. 560,396; Dugdale, 1,133,794; and others; also in Catalogues A and B of Variety Manufacturing Company; and in Thorpe Catalogue, all of which were offered in evidence. The two-part doors counterbalanced are also found in many patents including Dugdale and Cross and prior Wexler patents; also in the Catalogues of the Variety Manufacturing Company. The guides or tracks secured to a flange of the vertical side bars are found in the Variety Manufacturing Company Catalogues B and A; in the Cross patent; and in the Dugdale patent. The use of anchors for embedding in the wall are found in the Appleton patent, No. 931,714, and in the Variety Manufacturing Company Catalogue B. Sill and lintel members secured to the vertical angle side members and spaced apart are found in Dugdale, and in the Variety Manufacturing Company Catalogues A and B. Nor is the combination new. It is found in Dugdale; in the Catalogues A and B of the Variety Manufacturing Company; and, furthermore, is covered by the fact testimony given on the trial.

In Dugdale there are the same character of doors, door movement members and frame, and the entire device is designed to be manufactured as a unit "ready to be set up at the place of the chute which said doors are to occupy." Not only are all of the outlines of the patent in suit shown in Dugdale, but there is much similarity in detail.

It is contended by the appellant that the prior art disclosed by some of the patents is not of dumb-waiter doors, but of freight elevator doors, and that freight elevator doors are not in the same art with dumb-waiter doors. We discover no merit in this contention. An examination of the structures disclosed shows that the main difference is one of size, and the evidence on the trial also disclosed that dumb-waiters were considered in the same art as freight elevators, only that they were smaller. We are therefore of the opinion that the prior art, including freight elevator door construction, is to be considered.

The decree should be and is affirmed.